**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JERMAINE WATTS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 4:25-CV-489-O** |
| | § | |
| **C. THOMAS,** | § | |
| **ET AL.,** | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Before the Court is the motion of Defendants Alexander Cook, Andrew Towns, Jorge Payan, Kevin Parker, Alessandra Dos Santos, Thomas Moore, Lane Southern, Adrian Rodriguez, Anna Meer, and Kevin Briseno to dismiss. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion should be **GRANTED**.

## I. BACKGROUND

The operative pleading is Plaintiff's amended complaint filed May 29, 2025, ECF No. 7, as supplemented by the filing made June 25, 2026, ECF No. 41. The supplemental complaint contains the allegations about the movants here. Plaintiff alleges:

> On 9-28-24 while I was at a friends house, I opened their door and was confronted by Fort Worth Task Force and while I had my hands in the air and without [warning] I was [shot] 6 times with tasers and several times with rubber bullets by Fort Worth Police Officers, Towns, Allred, White, Goldring Dallas 4616, Vaz G, Nelson, Cook, Parker, Dos Santos, Moore, Rodriguez, Meer, Chavez, Biseno, Chang, Southen, Payan and punched and kicked slammed on ground, dragged, causing me chipped tooth, bruises, + burns and they placed the cuffs on too tight causing me [extreme] pain .. despite me being on ground + none resistant. And handcuffed..

ECF No. 41 at 4.[1] On additional pages, he names each movant and makes essentially two types of allegations or a combination of both. For example, as to Officer Towns, he alleges:

> Acts, Omissions: Said officer tased me, slammed me on the ground despite my hands being in the air and me being none [sic] combative and struck me while I was on the ground and placed the handcuffs on me too tight, causing me burns bruises and cuts on my wrist.

*Id.* at 5. As to Officer Payan, he alleges:

> Acts, Omissions: Said officer seen his fellow officers violating my civil rights by using excessive force on me and failed to intreven [sic] to stop that abuse despite my crys [sic] for help and the officer knowing that hitting, slamming and tasing a non resistant, none [sic] combative pretrial detainee was against the Fort Worth Police force continum [sic] and plaintiffs constitutional rights, causing me burns, bruising and extreme pain.

*Id.*

## II. GROUNDS OF THE MOTION

Movants maintain that Plaintiff has failed to plead sufficient facts to state a plausible claim against them. In particular, his conclusory allegations amount to nothing more than a shotgun pleading disfavored by courts in the Fifth Circuit. Further, Plaintiff cannot overcome their entitlement to qualified immunity. ECF No. 68 at 1.

## III. APPLICABLE LEGAL STANDARDS

### A. Pleading

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis

[1] The page number references to the supplemental complaint are to "Page __ of 10" reflected at the top right portion of the document on the Court's electronic filing system.

omitted). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). *Id.* at 676; *Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020).

To survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Dismissal is appropriate under Rule 12(b)(6) if "the complaint lacks an allegation regarding a required element necessary to obtain relief." *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

**B. Qualified Immunity**

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established," that right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639-40. In *Harlow*, the Supreme Court explained that a key question is "whether that law was clearly established at the time an action occurred," because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that the plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. *Siegert*, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the actions of each individually to determine whether qualified immunity applies. *Cass v.*

*City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

502 U.S. at 229. "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Young v. City of Killeen*, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Green v. Thomas*, 129 F.4th 877, 883 (5th Cir. 2025); *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017). *See*

*Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (a case with materially distinguishable facts is insufficient to make clear to every reasonable officer that the force used was excessive).

**C. Excessive Force**

The Eighth Amendment proscribes cruel and unusual punishments, which the Supreme Court has interpreted to include use of excessive force. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). In the case of a pretrial detainee, an objective standard applies. *Id.* That is, the pretrial detainee need only show that the force purposely or knowingly used against him was objectively unreasonable. *Id.* The Court makes this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not in hindsight. *Id.* Further, the Court must defer to policies and practices that in the judgment of jail officials are needed to preserve order and discipline and maintain institutional security. *Id.* Factors that bear on the reasonableness of the force include

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

To prevail on an excessive force claim, a plaintiff must establish: (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). The asserted injury must be more than *de minimis* and must be evaluated in the context in which the force was applied. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

## IV. ANALYSIS

The "Statement of Claim" section quoted above, ECF No. 41 at 4, is clearly a "shotgun" pleading insufficient to state a claim against any of the Defendants. Plaintiff does include a separate paragraph as to what each movant allegedly did or failed to do, using variations of the same conclusory allegations repeatedly as to each Defendant. Movants argue that the allegations fail to include sufficient facts 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Bauer v. AGCO Corp.*, No. SA-23-CF-00993-JKP, 2024 WL 2703019, at *2 (W.D. Tex. May 23, 2024) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320–21 (11th Cir. 2015)). The Court is satisfied that even if this were not considered a shotgun pleading, Plaintiff could not proceed.

Drawing on judicial experience and common sense, the Court cannot find that Plaintiff's allegations are plausible. He alleges that while standing in the doorway at a friend's house, he was confronted by 18 law enforcement officers and attacked. ECF No. 41 at 4. He alleges he was shot six times with tasers[2] and multiple times with rubber bullets.[3] *Id.* He was punched and kicked,[4] slammed on the ground,[5] and dragged,[6] causing minor injuries.[7] *Id.* He alleges that eleven of the Defendants failed to intervene while others violated his constitutional rights.[8] However, he does

---

[2] He identifies Defendants Towns, Parker, Thomas, Allred, Goldring, Walker, and Nelson as having tased him but does not state which officer shot him how many times or at what point. ECF No. 41 at 5, 6; ECF No. 7 at 3, 4. He does not explain how seven officers could have tased him six times.

[3] He identifies Defendant White as having used rubber bullets multiple times but does not describe at what point in time that occurred or any of the circumstances. ECF No. 7 at 3.

[4] He alleges that 17 of the 18 Defendants punched, struck and/or kicked him, presumably at the same time. ECF No. 41 at 5–9; ECF No. 7 at 3, 4, & 6.

[5] He alleges that six Defendants slammed him on the ground. ECF No. 41 at 5; ECF No. 7 at 3, 4, & 6.

[6] He does not identify any Defendant who dragged him.

[7] Unlike the Fifth Circuit, the Court is unable to find any allegation that Plaintiff was transported to the hospital. ECF No. 20 at 3.

[8] He alleges that all but one of those who failed to intervene also participated in using force against him. ECF No. 41 at 5–9; ECF No. 7 at 4, 6. He does not describe where the officer who only failed to intervene was positioned, why he knew he was required to intervene, or what he was supposed to have done. ECF No. 41 at 5.

not allege facts sufficient to show the totality of the circumstances, including the facts and events leading up to the climactic moment. *Barnes v. Felix*, 605 U.S. 73, 76 (2025). He does not provide any information as to what was known by the officers regarding the suspect they were seeking. He does not state why he was arrested or what was known about him at the time. He does not state whether he was under the influence of any drugs or other condition that would have made him combative or resistant.[9] He does not describe the verbal interaction between him and the officers. He does not describe the clothing he was wearing and whether he had or appeared to have any weapons. He does not explain how he could have been physically assaulted by 17 officers while in the doorway at the friend's house. He does not allege facts to show that the events occurred in more than a blink of an eye. In other words, he has not pleaded sufficient facts to overcome Movants' pleas of qualified immunity.

Defendant Towns is the only movant officer accused of using a take-down against Plaintiff. ECF No. 41 at 5. But the take-down of a noncompliant suspect is not excessive force. *Bailey v. Ramos*, 125 F.4th 667, 684 (5th Cir. 2025). Here, Plaintiff does not allege any facts to show that he was compliant. He only makes the conclusory allegation that he was "none combative," ECF No. 41 at 5, which does not mean that he did as instructed. The only harm Towns is alleged to have caused was as a result of placing handcuffs too tight. *Id.* In any event, the harm alleged to have been caused by Towns was *de minimis*.

Plaintiff alleges that Defendants Towns and Meer applied handcuffs too tight, that Towns and Meer struck or punched him while placing the handcuffs, and that Defendant Southern twisted his arm. ECF No. 41 at 5, 8–9. Handcuffing a suspect too tightly does not amount to excessive

[9] He admits that he was charged with resisting arrest. ECF No. 7 at 8–10.

force. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Plaintiff does not allege any injury as a result of his arm being twisted or him being struck or punched while the cuffs were placed. ECF No. 41 at 8. He does not allege any facts to show that his handcuffing was anything out of the ordinary or other than routine. Nor has he shown that his injuries were more than *de minimis*. He has not alleged a claim in this regard but even if he had, he has not overcome the officers' entitlement to qualified immunity. *See Scott v. City of Mandeville*, 69 F.4th 249, 256–57 (5th Cir. 2023) (discussing allegation of fourth amendment violation for handcuffing).

Defendants Towns and Parker are accused of tasing Plaintiff. ECF No. 41 at 5, 6–7. He does not allege any facts to show what was happening at the time or what the officers might have perceived. He does not allege who used a taser first, how soon the tasers were fired after one another, and whether any of them were fired simultaneously. He does not describe at all how any of the alleged six tasers were fired and the totality of the circumstances surrounding their use. Again, no facts are pleaded to show that Plaintiff was complying with Defendants' instructions. He has not pleaded sufficient facts to overcome qualified immunity. *See Pratt v. Harris Cnty.*, 822 F.3d 174, 181–82 (5th Cir. 2016) (discussing use of tasers and concluding that no excessive force occurred even though the suspect died).

Plaintiff alleges that Defendants Cook, Parker, Dos Santos, Moore, Southern, Rodriguez, Meer, and Briseno punched him and that all of them but Cook and Meer also kicked him. ECF No. 41 at 6–9. He does not allege facts sufficient to overcome the qualified immunity of these Defendants. For example, he alleges he was punched by Cook and punched and kicked by Moore while he was in handcuffs. *Id.* 6–7. The fact that Plaintiff was handcuffed, however, does not necessarily mean that force employed was excessive. *See Taylor v. City of Batesville*, No. 3:25-

CV-124-RPC-RP, 2026 WL 2296841, at *12 (N.D. Miss. Aug. 10, 2026) (force not excessive when plaintiff still refused to comply with commands after being handcuffed). Moreover, Plaintiff attributes his injuries to other force during the encounter and not necessarily to use of force after he was restrained in handcuffs. He has not alleged with particularity which Defendant did what to cause any particular harm. At best, he has alleged that he was bruised but has not alleged any facts to show that he suffered anything more than *de minimis* injuries.

Plaintiff alleges that all Movants except Towns failed to intervene when other officers used force. ECF No. 41 at 5–9. Bystander liability requires that the officer knew a fellow officer was violating an individual's constitutional rights, was present at the scene of the constitutional violation, and had a reasonable opportunity to prevent the harm but nevertheless chose not to act. *Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020). Bystander liability requires more than mere presence in the vicinity of the violation. *Id.* In this case, Defendant Payan is the only officer who is charged with bystander liability alone; that is, he is not alleged to have done anything else to have violated Plaintiff's constitutional rights. ECF No. 41 at 5. Plaintiff does not allege any facts to show that Payan had a reasonable opportunity to prevent any harm but chose not to act. Logically, since all of the other Movants are alleged to have participated in the use of force against Plaintiff, they must not have thought that Plaintiff's constitutional rights were being violated and that they had an obligation to stop any particular activity. Even if they did, Plaintiff has not pleaded sufficient facts to show that each bystander was in such a position as to prevent a particular harm but chose not to act. Nor has he identified a single case to support the argument that every reasonable officer would have known of the duty to intervene in the circumstances of this case.[10]

[10] The facts of *Screws v. United States*, 325 U.S. 91 (1945), are by no means comparable to the facts Plaintiff has pleaded. The case does not concern qualified immunity in any event. And, unlike *Davis v. City of Port Aransas*, No.

(As noted, Plaintiff has not pleaded sufficient facts to establish what exactly were the particular circumstances of the case.) The Court simply cannot find that every Movant acted unconstitutionally in this case. *Joseph*, 981 F.3d at 345–46. Pointing out a case directly on point is essential to overcoming qualified immunity with regard to bystander liability, *Thomas v. Bruss*, 191 F.4th 284, 296–97 (5th Cir. 2026), and Plaintiff has not done so.

## V. CONCLUSION

For the reasons discussed, the motion to dismiss is **GRANTED**; Plaintiff's claims against Movants are **DISMISSED**; and, Plaintiff take nothing on those claims. The Court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims against Movants.

**SO ORDERED** this **2nd day** of **November 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

---

2L14-CV-80, 2015 WL 758278, at *5 (S.D. Tex. Feb. 23, 2015), Plaintiff has not pleaded any facts to show that he was suspected of misdemeanor violations and posed no threat to officers.