**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JERMAINE WATTS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 4:25-CV-489-O** |
| | § | |
| **C. THOMAS, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Before the Court is the motion of Defendants Vaz and Nelson ("Movants") for judgment on the pleadings (ECF No. 101). Having considered the motion, the response of Plaintiff, Jermaine Watts, the reply, the record, and applicable authorities, the Court concludes that the motion must be **GRANTED**.

## I. BACKGROUND

On May 29, 2025, Plaintiff filed his amended complaint.[1] ECF No. 7. Movants each filed an answer pleading in detail the facts that would entitle them to qualified immunity. ECF Nos. 32, 33. In particular, Nelson pled that he was a Neighborhood Patrol Officer who remained in his patrol vehicle more than 100 yards away from the arrest of Plaintiff. ECF No. 33, ¶ 21. He could not see anything directly and had no firsthand knowledge of what happened. *Id.* At no point was he even within direct sight of Plaintiff. *Id.* ¶ 22. Likewise, Vaz never interacted in any way with Plaintiff; he never saw or touched Plaintiff. ECF No. 32, ¶ 14. Vaz was a perimeter officer only and was not present or even nearby when other officers confronted Plaintiff. *Id.* ¶ 19. He was never

[1] Plaintiff also filed a supplemental complaint but the allegations contained in it do not concern Movants. ECF No. 41.

in a position to see what was happening, never saw or heard anything that appeared improper, and was never in a position to intervene against any other officer's use of force. *Id.* The Court granted Movants' motion to compel Rule 7(a) reply, ordering that Plaintiff must file a detailed reply alleging with particularity all material facts establishing his right to recover against each Movant and including detailed facts supporting any contention that their pleas of qualified immunity could not be sustained. ECF No. 37. Plaintiff filed his reply, making the conclusory allegation that Movants had each punched and kicked him. ECF No. 38 at 2. He also alleged that Vaz placed his knee on Plaintiff's neck, punched him in the face, and helped officers slam him on the ground. *Id.* at 2 & 6. He also alleged that Nelson punched and tased him and that neither officer stopped fellow officers from hitting and tasing Plaintiff.[2] *Id.* at 6. The remainder of the reply contained a discussion of legal authorities.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Such a motion is reviewed under the same standard as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted, that is, whether the complaint provides enough facts to state a claim to relief that is plausible on its face. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009); *Doe v. MySpace*, 528 F.3d 413, 418 (5th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2] As Movants point out, the Fifth Circuit affirmed the dismissal of all claims except excessive force. *Watts v. Thomas*, No. 25-10783, 2026 WL 116672, at *1 (5th Cir. Jan. 15, 2026). Thus, Plaintiff cannot pursue claims for malicious prosecution or failure to intervene/bystander liability.

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Qualified Immunity**

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established," that right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639-40. In *Harlow*, the Supreme Court explained that a key question is "whether that law was clearly established at the time an action occurred," because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that the plaintiff has stated a claim, i.e., asserted a violation of a

constitutional right. *Siegert*, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the actions of each individually to determine whether qualified immunity applies. *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

502 U.S. at 229. "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Young v. City of Killeen*, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Green v. Thomas*, 129 F.4th 877, 883 (5th Cir. 2025); *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies

should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017). *See Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (a case with materially distinguishable facts is insufficient to make clear to every reasonable officer that the force used was excessive). And, in this regard, unpublished opinions and district court cases generally cannot "clearly establish [] law for qualified immunity analysis." *Dilworth v. Tucker*, 179 F.4th 992, 998 (5th Cir. 2026) (quoting *Marks v. Hudson*, 933 F.3d 481, 486 (5th Cir. 2019)).

## III. ANALYSIS

As the Fifth Circuit long ago held:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may . . . require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Schultea v. Wood*, 47 F.3d 1427, 1443 (5th Cir. 1995). The Court required Plaintiff to do so here and he wholly failed to reply to the defense of qualified immunity in detail and fairly engage its allegations. Instead, he recited the same conclusory allegations, that Movants had "punched and kicked" him, ECF No. 38 at 2, that Vaz "placed his knee on [Plaintiff's] neck, punched [him] in face and helped the officers slamm [sic] [him] on the ground," *id.* at 3 & 6, and that Nelson punched and tased him. *Id.* at 6. He failed to address Movant's statements that they were not present at the time of Plaintiff's arrest and were not near enough to know what transpired. In fact, he mistakenly alleged that neither presented any evidence that they were off duty or not present at the time of the incident. *Id.* at 6. In addition, he was mistaken in believing that the Fifth Circuit's earlier remand

of this action had any bearing on the motion for judgment. *See Ray v. Gruber*, No. 6:25-CV-326, 2026 WL 2439989, at *4 (E.D. Tex. July 15, 2026) (that claims survive the screening process does not preclude consideration and granting of a motion to dismiss for failure to state a claim), *report and rec. adopted*, 2026 WL 2432643 (E.D. Tex. Aug. 19, 2026).

Plaintiff has not alleged which Defendant did what to cause any particular harm. In fact, he has not pleaded that he suffered anything more than *de minimis* injuries. *See Westfall v. Luna*, 903 F.3d 534, 549 (5th Cir. 2018) (abrasions, back and neck pain, and contusions are *de minimis*); *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007) (bruising is *de minimis*). Even if he had, he has not cited any clearly applicable law that would preclude the defense of qualified immunity asserted by Movants.

## IV. CONCLUSION

Movants' motion for judgment on the pleadings is **GRANTED**; Plaintiff **TAKE NOTHING** on his claims against Movants; and, such claims are **DISMISSED**.

The Court determines that there is no just reason for delay in, and hereby **DIRECTS**, entry of final judgment as to the dismissal of Plaintiff's claims against Movants.

**SO ORDERED** this **24th day** of **November 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE